MARIE I. SUTTON AND ANDREW G. SUTTON, PLAINTIFFS-CROSS-DEFENDANTS AND APPELLANTS, v. EMPIRE SAVINGS & LOAN ASSOCIATION, DEFENDANT, THIRD-PARTY PLAINTIFF AND RESPONDENT, v. UNIVERSAL C. I. T. CREDIT CORPORATION, A CORPORATION, THIRD-PARTY DEFENDANT, CROSS-CLAIMANT AND RESPONDENT.

No. 11070.

Submitted January 13, 1966. Decided February 2, 1966.

410 P.2d 456.

Andrew G. Sutton, Billings, for appellants.

Dillavou, Hauf & Forsythe, Cook, Moulton, Bellingham, Longo & Mather, Billings, for respondents.

PER CURIAM:

The facts giving rise to this appeal are hereinafter set forth. Respondents have filed motion to dismiss the appeal upon

the grounds that appellants have failed (1) to file a bill of exceptions, transcript or brief or any requisite papers as required by section 93-8019, R.C.M.1947; (2) to present for settlement a bill of exceptions as required by section 93-5505, R.C.M.1947; (3) to order preparation of a bill of exceptions or judgment roll; and (4) to apply for or secure extension of time to settle a bill of exceptions.

Appellants in answer in opposition to the motion admit no record on appeal has been transmitted to this court, and that no extension of time was requested or received for that purpose. Appellants set forth certain circumstances as justifying their failure to prosecute their appeal but all thereof appear to be without merit. While appellants pray that the motion for dismissal be denied, they further pray that the appeal be dismissed without prejudice. This conflicting prayer arises by reason of a companion motion filed by respondents to assess costs and damages against appellants upon the ground that the appeal was taken without substantial or reasonable grounds, is without merit, taken only for the purpose of delay, and that it constitutes a frivolous appeal. Appellants in opposition thereto contend it was a meritorious appeal and was not taken for the purpose of harassment or delay.

While the record before this court is incomplete it discloses the following: Appellant, Marie I. Sutton, filed a complaint on March 10, 1964, naming respondent, Empire Savings and Loan Association, as one of the defendants, seeking to reform a mortgage upon real property executed by the plaintiff to the loan association on July 30, 1955, on the ground of mutual mistake of the parties or through mistake of the plaintiff. Alleging that a premature foreclosure of the mortgage could result in irreparable damage and injury to the plaintiff, and the absence of any speedy, full or adequate remedy at law, plaintiff sought a restraining order for her protection, and that after due hearing a permanent injunction be granted. On March 10, 1964, an order to show cause and temporary restraining order was is-

sued by the district court, the return day fixed as March 31, 1964.

On October 5, 1964, both appellants filed an amended complaint, therein naming the Empire Savings and Loan Association as the sole defendant. On April 19, 1965, the Empire Savings and Loan Association filed a motion to dissolve the temporary restraining order issued on March 10, 1964. This motion came on for hearing before the district court on May 24, 1965, at which time appellants filed a motion for continuance, supported by affidavit, motion for summary ruling and request for admissions. The court minutes disclose that Mr. Sutton presented argument in support of his motions and objections and the minutes recite:

"The Court rules on the following motions: the Motion for Continuance is denied; the Motion to Dissolve the Temporary Restraining Order is granted; the Motion for judgment on the Pleadings is denied; the Motion to Dismiss is denied. The Order to Show Cause asked for permanent injunction as prayed for in the verified Complaint and same was denied."

On June 3, 1965, appellants filed a notice of appeal, the pertinent part of which reads:

"PLEASE TAKE NOTICE that both the separate plaintiff Marie I. Sutton, and the separate plaintiff, Andrew G. Sutton, in the above-entitled action, hereby appeal to the Supreme Court of the State of Montana from the Order of the above-entitled Court, District Judge John B. McClernan, Presiding, rendered on the 24th day of May, 1965, and entered in the Minutes of said Court, refusing to grant a permanent injunction or a temporary injunction, and from the whole of said Order; and from the Order of the above-entitled court, District Judge John B. McClernan, presiding, rendered on the 24th day of May, 1965, and entered in the minutes of said Court, dissolving a temporary restraining Order, and from the whole of said Order."

The amended complaint filed on October 5, 1964, sought the

issuance of an order to show cause and temporary restraining order but we gather from the motion to dissolve the previously issued temporary restraining order that none was ever issued. The amended complaint prays: "* * * and that upon hearing had therefor this court make and enter a permanent injunction therefor, against said defendant, its agents and attorneys." The court minutes of May 24, 1965, further disclose: "Court inquires if counsel are ready to go to trial on the Amended Complaint and Answer to the Amended Complaint. Mr. Sutton advises Court that plaintiff is not ready or prepared at this time to proceed to trial. Mr. Sutton refused to stipulate as to trial."

The court also notes that the amended answer and counter-claim and third party complaint filed by the Empire Savings and Loan Association alleges that appellants have failed to make any payment upon the promissory note and mortgage since July 29, 1963, and payments thereon are delinquent since September, 1962; that the Loan Association has paid delinquent taxes, interest and penalty, and a fire insurance premium. Appellants in opposing the motions to dismiss and to assess damages do not deny such allegations but contend that their action for reformation must be first heard and decided, and that they are the ones adversely affected by any delay due to this appeal, in that they are losing interest on any judgment they might recover in the event they prevail; and, further that the liens of the respondents are secure and not threatened, that interest on both mortgages is accruing.

Whatever may be the merits of plaintiffs' amended com-plaint, we find it difficult to accept the contention that a mort-gage providing for monthly installment payments, on which no payments have been made for a period of more than two years, and on which the monthly installments are now de-linquent for a period of three years and four months, and the mortgagee has felt it necessary to pay delinquent taxes; pen-alty and interest, and an insurance premium in order to protect its security, is a secure mortgage.

From the wording of the notice of appeal that the appeal is taken from the orders "entered in the Minutes of said Court" it appears that no written orders were ever entered by the court and the only reference to any order is that contained in the minutes as above quoted. Since it is not necessary to our determination in this matter we make no discussion with regard to whether or not these minute entries were orders from which an appeal could be taken, other than to say that our passing the point is not to be construed as approval of the procedure followed herein.

At the time the notice of appeal was filed, June 3, 1965, the rules of this court provided that an appellant was charged with the duty of having the transcript perfected, served and filed with the clerk of this court; that such transcript should be served and filed within sixty days after the appeal is perfected or the appeal would be subject to dismissal on motion of the adverse party. See Rule VI, subds., 1 and 2, Rules of Supreme Court.

Appellants admit the rules have not been complied with. In our opinion appellants have been guilty of laches, and no sufficient cause appearing to excuse the delay, it is hereby ordered that the appeal be, and it is hereby, dismissed.

Rule XIX of this court, in effect until January 1, 1966, provided:

"If the Court is satisfied from the record and the presentation of the appeal, that the same was taken without substantial or reasonable grounds, but apparently for purposes of delay only, such damages may be assessed on determination thereof, as under the circumstances are deemed proper."

On January 1, 1966, Rule XIX was superseded by Rule 32, M.R.App.Civ.P., which is identical in wording with former Rule XIX.

Viewing the record as a whole we can come to but one conclusion, this appeal was taken without substantial or reasonable grounds and for purposes of delay only, and damages should be assessed in accordance with the rules of this court.

It is ordered that such damages be fixed in the sum of $250.00, assessed against the appellants, Marie I. Sutton and Andrew G. Sutton, in favor of the respondents herein.